IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| MASON IBRA GARRETT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | No. 2:25-cv-04059-WJE |
| INHABITANTS OF THE U.S., | ) |  |
| Defendant. | ) |  |

**REPORT AND RECOMMENDATION**

Plaintiff Mason Ibra Garrett, *pro se*, requested leave to proceed with his proposed Complaint without payment of the filing fee, pursuant to 28 U.S.C. § 1915, and submitted a financial affidavit in support. (Doc. 1). The Court issued an Order directing Mr. Garrett to submit an Amended Complaint that provided more information about his claim. (*See* Doc. 5). Mr. Garrett filed a 22-page supplement explaining his case, which the Court liberally construes as an Amended Complaint. (Doc. 6). The Court has considered the original proposed Complaint, along with the Amended Complaint, to evaluate whether his Motion should be granted. For the reasons set forth below, it is recommended that Mr. Garrett's Motion be denied and the case be dismissed.

**I.     Background**

In his original proposed Complaint, Mr. Garrett named as defendants "Inhabitants of the U.S." who are employed as "representatives of the individuals contracted by the consent of the governed under the Constitution of the U.S." (Doc. 1-2 at 1-4). Mr. Garrett alleged that his Eighth and Fourteenth Amendment rights were violated when he was sexually assaulted, threatened, and later "beaten to a pulp" in the South Central Correctional Center "in response to the threat by an

officer provided in another complaint." (*See* Docs. 1-1; 1-2 at 2). On April 22, 2025, the Court deferred ruling on Mr. Garrett's Motion for Leave to Proceed In Forma Pauperis and granted him leave to submit an Amended Complaint to identify the unnamed defendants and provide more information about his claim. (*See* Doc. 3). On May 8, 2025, Mr. Garrett filed what is liberally construed as an Amended Complaint. (*See* Doc. 6).

## II.     Legal Standard

Section 1915(a)(1) states that the Court may authorize the continuation of any suit without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such fees or costs. In weighing the application, the Court is guided by Local Rule 83.7, which states that the court fees and costs should not "cause the applicant to give up the basic necessities of life."

Upon the determination of the applicant's ability to pay the requisite fee, the Court must review the action under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>   (B) the action or appeal—
>
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013)(quotations omitted). A pro se complaint is

officer provided in another complaint." (*See* Docs. 1-1; 1-2 at 2). On April 22, 2025, the Court deferred ruling on Mr. Garrett's Motion for Leave to Proceed In Forma Pauperis and granted him leave to submit an Amended Complaint to identify the unnamed defendants and provide more information about his claim. (*See* Doc. 3). On May 8, 2025, Mr. Garrett filed what is liberally construed as an Amended Complaint. (*See* Doc. 6).

## II.     Legal Standard

Section 1915(a)(1) states that the Court may authorize the continuation of any suit without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such fees or costs. In weighing the application, the Court is guided by Local Rule 83.7, which states that the court fees and costs should not "cause the applicant to give up the basic necessities of life."

Upon the determination of the applicant's ability to pay the requisite fee, the Court must review the action under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>   (B) the action or appeal—
>
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013)(quotations omitted). A pro se complaint is

construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

In general, fictitious parties may not be named as defendants in a civil action. *See Holman v. Vicenz*, No. 2:24-CV-00101-HEA, 2025 WL 931984, at *3 (E.D. Mo. Mar. 27, 2025) (citing *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994)). However, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

### III. Discussion

The Court has reviewed Mr. Garrett's affidavit of financial status and finds that he is qualified for in forma pauperis status based on economic need. However, applying 28 U.S.C. § 1915(e)(2)(B) and Local Rule 83.7 to the case at hand, and taking into consideration both the original proposed Complaint and Amended Complaint, Mr. Garrett's suit is frivolous and fails to state a claim upon which relief can be granted.

Construing both the original proposed Complaint and Amended Complaint liberally, Mr. Garrett alleges that his Eighth Amendment and Fourteenth Amendment rights were violated when he was sexually assaulted, threatened, and later "beaten to a pulp" in the South Central Correctional Center "in response to the threat by an officer provided in another complaint." (*See* Docs. 1-1; 1-2 at 2). In the Amended Complaint, Mr. Garrett now alleges that the "Inhabitants of the U.S." also obstructed justice by violating the Fifth and Seventh Amendments. (Doc. 6 at 4-7). However, his claims do not provide any factual allegations as to how these constitutional rights were violated, making his claim frivolous. *See Iqbal*, 556 U.S. at 678.

In his original proposed Complaint, Mr. Garrett indicated that he is suing "Inhabitants of the U.S." who are employed as "representatives of the individuals contracted by the consent of the governed under the Constitution of the U.S." (Doc. 1-2 at 1). In the Amended Complaint, he clarifies that these "Inhabitants of the U.S." are "the population of the many states and territories under the jurisdiction of the United States" and includes "[f]ree-persons . . . including those bound to service or a term of years . . . [and] excluding Indians not taxed." (Doc. 6 at 3). Mr. Garrett's allegations regarding these unknown, unnamed "Inhabitants of the U.S." are still not sufficiently specific enough to satisfy the exception to the general prohibition against fictitious parties. *See Perez*, 931 F.3d at 646. Additionally, the fictitious defendants are not only unidentified, but they are also indeterminate in number. *See Crandell*, 56 F.3d at 37 (suit naming "various other John Does to be named when identified" not permissible). Therefore, the facts alleged in Mr. Garrett's Amended Complaint fail to state a claim upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order denying Mr. Garrett's motion and dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 13th day of May, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge