IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MASON IBRA GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 25-04059-CV-C-BP |
| | ) |
| INHABITANTS OF THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER (1) ADOPTING REPORT RECOMMENDING DENIAL OF IN FORMA PAUPERIS STATUS, (2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND (3) DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff, proceeding pro se, filed this suit in April 2025 and sought leave to proceed in forma pauperis. The case was randomly assigned to the Honorable Willie J. Epps, Jr., United States Magistrate Judge for this District. He has issued a Report recommending that Plaintiff's request be denied and the case dismissed. The case was then randomly transferred to the undersigned. After reviewing the Report *de novo*, the Court agrees with Judge Epps's recommendations.

Plaintiff's original Complaint alleged his civil rights were violated when he was "sexually assaulted and threatened" while in custody at the South Central Correctional Center ("SCCC"). (Doc. 1-2, pp. 1-2.)[1] He further alleged this was "a targeted action in response to [a] threat by an officer" discussed in another unidentified complaint. (Doc. 1-2, p. 2.) However, Plaintiff did not purport to sue the person who allegedly assaulted him or the officer he referenced; instead, he is attempting to sue the "Inhabitants of the U.S."

---

[1] All page numbers for documents filed with the Court are those generated by the Court's CM/ECF system.

Judge Epps issued an Order explaining "[t]he proposed Complaint does not sufficiently allege who the 'Inhabitants of the U.S.' are, what they did, what their position is, or any other facts that would permit them to be noticed or identified during discovery." (Doc. 5, p. 2.) He granted Plaintiff leave to file an Amended Complaint "that identifies the unnamed Defendants by name or provides other sufficient information to identify those who he alleges were involved in the violations of his constitutional rights" and "explain[s] what each Defendant did to make them liable for the alleged violations of his constitutional rights." (Doc. 5, p. 3.)

Plaintiff responded by filing a packet consisting of a series of letters addressing various issues. (*See* Doc. 6.) He did not provide the names of any individuals he wishes to sue; instead, he reiterated his intention to sue "the Inhabitants of the United States," whom he described as "the population of the many states and the territories under the jurisdiction of the United States." (Doc. 6, p. 3.) He then presented what he characterized as a description "of events of what the Inhabitants of the United States did," (Doc. 6, p. 4 (emphasis deleted)), but he only discussed the Fifth, Eighth, and Fourteenth Amendments generally, without providing any further explanation of the basis for his claim(s). (Doc. 6, pp. 4-9.) Plaintiff's filing also has some attachments, but they only list and generally discuss various provisions of the Constitution and do not explain Plaintiff's claims. (Doc. 6-1; Doc. 6-2.)

Judge Epps then construed Plaintiff's original Complaint and his latest submission together and concluded Plaintiff alleged he was "beaten to a pulp" while in custody at SCCC but had not attempted to sue anyone responsible for the beating. (Doc. 7, p. 4.) He further determined Plaintiff's attempt to sue "the Inhabitants of the U.S." was "not sufficiently specific enough to satisfy the exception to the general prohibition against fictitious parties." (Doc. 7, p. 4.) Judge

Epps then recommended a District Judge (1) deny Plaintiff's Motion to Proceed In Forma Pauperis and (2) dismiss the case.

In the two weeks during which Plaintiff could object to the Report and Recommendation, *see* 28 U.S.C. § 636(b)(1)(C), Plaintiff filed three separate documents (with attachments). The first was filed on May 19, 2025, and does not refer to any events at SCCC or name any individuals who may have wronged him. (Doc. 9 (and its attachments).) The second document was filed three days later and, like the first, does not clarify the claims he wishes to assert or identify who he wishes to sue. (Doc. 10 (and its attachments).) Plaintiff's final submission was filed on May 26, 2025 and, like the others, it does not shed any light on the claims Plaintiff asserts or identify any potential defendants.

The Court has conducted a *de novo* review and agrees with Judge Epps's recommendation. 28 U.S.C. § 1915(a)(1) permits a court to allow a litigant to proceed without paying the necessary filing fee. However, § 1915(e)(2)(B) declares that such leave should be denied, and the case dismissed, if the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915(e)(2)(B)(i) if there is "indisputably absent any factual or legal basis for the wrong asserted in the complaint." *Williams v. White,* 897 F.2d 942, 943 (8th Cir. 1990) (quotation omitted). This standard is higher than the standard for dismissing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *id.,* but the 12(b)(6) standard is also applicable by virtue of § 1915(e)(2)(B)(ii). Under that standard, a complaint must contain sufficient factual content to allows the court to draw the reasonable inference (and more than a sheer possibility) that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556

3

U.S. 662, 678 (2009); *e.g., Horras v. American Capital Strategies, Ltd.,* 729 F.3d 798, 801 (8th Cir. 2013).

Plaintiff's proposed Complaint is frivolous, even when it is considered along with his Amended Complaint and his other filings. Plaintiff alleges he was beaten while in SCCC, but he provides no other facts. Most particularly, he does not (despite having been provided several opportunities) explain who beat him or who he is suing. Even if Plaintiff has a viable claim, it is not one that can be asserted against "the Inhabitants of the United States."[2] The Court therefore (1) adopts the Report and Recommendation, (2) denies Plaintiff's Motion to Proceed In Forma Pauperis, and (3) dismisses the case without prejudice.

**IT IS SO ORDERED.**

Date: June 6, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Even if Plaintiff is attempting to sue the United States, his claim is frivolous because he provides no basis for suing the federal government.